FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

98 SEP 30 PM 4:10

U.S. DISTRICT COURT
N.D. OF ALABAMA
ENTERED

SEP 30 1998

| | |
|---|---|
| MICHAEL ARMOUR, | )  |
|             Plaintiff, | ) |
| v. | ) CIVIL ACTION NUMBER |
|    | ) CV-97-C-1174-NE |
| CITY OF HUNTSVILLE, et al., | ) |
|             Defendants. | ) |

## MEMORANDUM OF OPINION
## GRANTING SUMMARY JUDGMENT

Plaintiff Michael Armour originally brought this action in the Circuit Court of Madison County, Alabama, on November 11, 1996, asserting state law claims of assault and battery, and violations of his Fifth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. The Defendants properly removed this action to federal court on May 12, 1997. Pending before the Court is the Motion for Summary Judgment filed by Defendants, Roy Taylor, Jeffrey D. Hall, Robert G. Franklin, Michael Posey, Michael E. McJunkins, Timothy Gann, and Jerry Burch. Upon careful consideration of all submitted materials, affidavits, and briefs, this Court concludes that the Defendants are entitled to summary judgment as a matter of law based on the undisputed facts.

I.

The facts, presented in a light favorable to the Plaintiff,

58

are as follows.

On or about May 29, 1996, at approximately 10:50 p.m., Plaintiff, Michael Armour, a black citizen of Huntsville, was picked up in a white Volkswagon by his Afro-American friend, Reginald McKenzie, in the parking lot of his apartment complex. After they exited the parking lot and turned on to Old Madison Pike Road, they were stopped and surrounded by several marked and unmarked law enforcement vehicles. An unidentified plain-clothed law enforcement officer came over, pointing his weapon, and instructed McKenzie and Plaintiff to put their hands on their heads, and then both men were removed from the car and searched separately. Plaintiff was dragged from the car and forced to the ground. An officer then sat on his arm and back while performing a body search.

None of the persons on the scene intervened or asked Plaintiff for identification. Plaintiff was told by one of the officers that he fit the description of a criminal suspect who had been chased into the apartment complex. After Plaintiff's identity had been established to the satisfaction of the officers, he and McKenzie were released and left the scene. (Complaint ¶¶ 4-7).

The Defendants are all members of the Huntsville Police Department. They are all white. (Defendants' Narrative of Undisputed Facts ¶ 3). Timothy Gann, Robert G. Franklin, and

Michael Posey, were on duty and present at some point after the Volkswagon was detained. They deny making contact with the Plaintiff or knowing who did. (Plaintiff's Response to Motion for Summary Judgment, Exhs. 6-8, Gann Affidavit, Franklin Affidavit, Posey Affidavit). Both Roy Taylor and Jeffrey D. Hall observed the Plaintiff and McKenzie in the parking lot and watched the Volkswagon leave the lot, but they did not see the remaining events, (Taylor Affidavit, Hall Affidavit). Michael E. McJunkins and Jerry Burch arrived on the scene after the Volkswagon was stopped, but deny having any contact with the Plaintiff or knowledge of the officer who searched the Plaintiff, (McJunkins Affidavit, Burch Affidavit). According to their affidavits, none of the defendant officers approached the Plaintiff or saw him removed from the car.

Plaintiff was never handcuffed or struck with a fist or baton, kicked, stepped on, or sprayed with any chemical agents by any law enforcement officer. (Armour Deposition, 83-84, 88). He does not claim that profanity, racial slurs, or derogatory names were used. (Armour Dep. 84).

Plaintiff cannot identify any of the officers present at the time of the incident, including the officer who removed him from the car. (Armour Dep. 76-79). Nor does Plaintiff know from which car or which direction that officer came. (Armour Dep. 72). In fact, Plaintiff does not know whether the individual who

allegedly assaulted him is a defendant in this action. (Armour Dep. 76). Discovery has been completed.

## II.

The law governing summary judgment is well settled. Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material facts and that, based upon the undisputed facts, the movant is entitled to judgment as a matter of law. See Earley v. Champion International Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). Once the movant has met its burden of establishing the lack of a genuine issue as to any material facts, the non-moving party must come forward with significant, probative evidence demonstrating the existence of a triable issue of material fact. See Chanel, Inc. v. Italian Activewear, Inc., 931 F.2d 1472, 1477 (11th Cir. 1991). The court must view the facts in a light favorable to the non-moving party.

## III.

After reviewing the entire record, this Court finds that based on the undisputed facts, the Defendants are entitled to judgment as a matter of law.

The undisputed fact is that the Plaintiff cannot identify any of the Defendants as one who participated in the events which give rise to his claims. Aside from their presence at the scene, there is no evidence which would support a jury verdict for the

Plaintiff against these Defendants.

**CONCLUSION**

Having met its burden in showing that there is no triable issue with respect to the material facts, the Defendants are entitled to judgment as a matter of law.

By separate order, the Defendants' Motion for Summary Judgment will be granted.

DONE this 30th day of September, 1998.

_____
UNITED STATES DISTRICT JUDGE
U.W. CLEMON